UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08400-JHN-JCx | Date | October 19, 2011 |
|---|---|---|---|
| Title | Future Vision Properties LLC v. Robert G Raven et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Chris Silva | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CASE TO VENTURA COUNTY SUPERIOR COURT**

On September 8, 2011, Plaintiff Future Vision Properties, LLC ("Plaintiff") brought a Complaint for unlawful detainer against Defendants Robert G. Raven and Arlene H. Raven (collectively "Defendants") in state court. On October 11, 2011, Defendants removed the case to federal court. (Docket No. 1.) Having considered the Notice of Removal, the Court finds no federal jurisdiction and **REMANDS** the case to the Ventura County Superior Court.

## I. Discussion

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" 28 U.S.C. § 1441(a). However, the Court may remand a case to state court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08400-JHN-JCx | Date | October 19, 2011 |
|---|---|---|---|
| Title | Future Vision Properties LLC v. Robert G Raven et al | | |

*Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, although Defendants allege that the claims arise under federal law, Plaintiff's only cause of action is for unlawful detainer in violation of California Code of Civil Procedure § 1161a. (Compl. 1.) No federal question is presented on the face of the Complaint. Therefore, no federal question jurisdiction exists.

Pursuant to 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). However, neither the Complaint nor the Notice of Removal alleges the citizenship of the parties. Without an allegation as to citizenship, Defendants cannot meet their burden of establishing diversity. Moreover, the Complaint specifically alleges that the damages do not exceed $10,000. (Compl. 1.) For these reasons, no diversity jurisdiction exists.

## II.     Conclusion

Defendants have failed to meet their burden of establishing federal jurisdiction. Accordingly, the Court hereby **REMANDS** this matter to the Ventura County Superior Court.

**IT IS SO ORDERED**.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | | CSI |